## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW THOMAS BURNS, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0591-CVE-TLW |
| | ) | |
| JUSTIN JONES, Director,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 12).  Petitioner filed a response to the motion (Dkt. # 14).  Respondent's argument for dismissal is premised on the allegation that Petitioner, a state inmate represented by counsel, failed to file his petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and the petition dismissed with prejudice as time barred.

### BACKGROUND

Petitioner was convicted by a jury of First Degree Murder in Tulsa County District Court, Case No. CRF-89-69.  On March 2, 1990, the trial judge sentenced Petitioner to life imprisonment without the possibility of parole.  See Dkt. # 13, Ex. 1.  He did not file a timely direct appeal.

---

[1]Since Petitioner is incarcerated at Lawton Correctional Facility, a private prison, the proper respondent in this case is Justin Jones, Director of the Oklahoma Department of Corrections.  See Rule 2, Rules Governing Section 2254 Cases. For that reason, the Court Clerk shall be directed to substitute Justin Jones, Director, in place of David C. Miller, Warden, as party respondent in this matter.

On April 26, 1990, Petitioner began his efforts to obtain a direct appeal out of time by filing his first application for post-conviction relief, alleging that he had been denied a direct appeal through no fault of his own.  See Dkt. # 13, Ex. 1; see also Dkt. # 13, Ex. 4 (district court order providing history of Petitioner's case).  That request was denied by order filed October 12, 1990. See Dkt. # 13, Ex. 1. Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA).  See Dkt. # 13, Ex. 2.  By order filed September 15, 1994, in Case No. PC-1994-897, the OCCA affirmed the denial of post-conviction relief.  Id.

On August 2, 2000, or almost six (6) years later, Petitioner filed a second application for post-conviction relief. See Dkt. # 13, Ex. 1. On August 29, 2000, the requested relief was denied. Id.  Petitioner appealed.  By order filed December 5, 2000, in Case No. PC-2000-1254, the OCCA affirmed the denial of post-conviction relief.

After another six (6) years passed, on September 28, 2006, Petitioner filed a third application for post-conviction relief, again requesting an appeal out of time.  See Dkt. # 13, Ex. 1. On December 4, 2006, the state district judge denied the requested relief.  Id.  Petitioner did not appeal that ruling.

On November 14, 2008, Petitioner filed a fourth application for post-conviction relief. Id. That request was denied on December 23, 2008. See Dkt. # 13, Ex. 4.  Petitioner appealed.  On May 4, 2009, in Case No. PC-2009-41, the OCCA affirmed the denial of post-conviction relief.  See Dkt. # 13, Ex. 5.

In his petition, Petitioner avers that he also filed a petition for writ of habeas corpus in Comanche County District Court on July 27, 2009. See Dkt. # 1 at 3. Petitioner states that the

petition was dismissed on August 17, 2011. Id. Nothing in the record suggests that Petitioner appealed that decision.

On August 25, 2011, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma.  On September 19, 2011, the case was transferred to this Court.

## ANALYSIS

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), overruled on other grounds, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996.  In other words,

3

prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds.  Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998).  Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), this habeas petition was not filed within the one-year limitations period. Petitioner's conviction entered in Tulsa County District Court, Case No. CRF-89-69, became final on or about March 12, 1990, when he failed to file a notice of appeal within ten (10) days after pronouncement of his Judgment and Sentence.  See Rule 2.5(A), Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file a notice of appeal within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction).  Thus, Petitioner's conviction became final well before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997.  Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner's post-conviction applications were filed either before or after the grace period and do not serve to toll the statute of limitations.  See Fisher

v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, this habeas corpus petition, filed August 25, 2011, appears to be untimely.

In response to the motion to dismiss, see Dkt. # 14, Petitioner first argues that his filing of a petition for writ of habeas corpus in Comanche County District Court triggered commencement of a new one-year period. Petitioner asserts that his one-year period began to run on August 17, 2011, when his state petition was denied.[2] The Court rejects Petitioner's argument. Nothing in § 2244(d) suggests that the one-year period may commence upon conclusion of a state district court's review of a request for post-conviction or other collateral relief. Instead, as set out above, the statute identifies only four (4) dates that can trigger commencement of the one-year period: the date the challenged judgment becomes final, the date an unconstitutional state-created impediment to the filing of a petition is removed, the date on which an asserted constitutional right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. See § 2244(d)(1)(A),(B),(C),(D). A state post-conviction application or other request for collateral review properly filed in state court during the one-year period may toll the one-year period, but none of those filings serves to restart the one-year period as argued by Petitioner. See § 2244(d)(2).

---

[2] Counsel for Petitioner states that "[t]he State allowed and considered the Petitioner's state Writ of *Habeas corpus*, hence the new time limitations pursuant to AEDPA should run from August 27, 2011." See Dkt. # 14 at 2. The Court is baffled by counsel's statement. In the petition, counsel averred that "[t]he Writ was dismissed on August 17, 2011." See Dkt. # 1 at 3. The docket sheet for Comanche County District Court, Case No. WH-2009-5, viewed at www.oscn.net, confirms that an "order to dismiss" was filed on August 17, 2011. While the state court may have "considered" the petition, it was ultimately dismissed. Petitioner was not granted an out of time appeal or any other relief that would trigger commencement of the one-year period.

Petitioner also states that he is functionally illiterate and has had to depend on "jailhouse lawyers" in the past for legal assistance. <u>See</u> Dkt. # 14. He also asserts that he has been unable to understand timing and formal requirements of appeals and the law, in general. <u>Id.</u> The Court shall adjudicate Petitioner's argument as a request for equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling.  <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998); <u>see also</u> <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," <u>Yang v. Archuleta</u>, 525 U.S. 925, 928 (10th Cir. 2008) (quoting <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" <u>Id.</u> (quoting <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008)).  Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir.2000).

In this case, Petitioner has not demonstrated "extraordinary circumstances" justifying equitable tolling.  Petitioner's ignorance of the law does not excuse his failure to file a timely petition, <u>id.</u> ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)), nor is his untimeliness excused because he relied on prison law clerks, <u>id.</u> (holding assistance petitioner received from an inmate law clerk did not relieve him of personal responsibility to file within the AEDPA's one-year period).  Also, courts have

6

rejected prisoners' claims that illiteracy warrants equitable tolling. <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) (holding illiteracy does not merit equitable tolling); <u>Mukes v. Warden of Joseph Harp Correctional Center</u>, 301 Fed. Appx. 760, 763 (10th Cir. 2008) (unpublished)[3] (noting that grounds alleged to justify equitable tolling, including illiteracy, incompetent prison law clerks, and ignorance of the law, had been consistently rejected). Petitioner is not entitled to equitable tolling.

The Court concludes that because Petitioner is not entitled to equitable tolling of the limitations period, the petition, filed August 25, 2011, or more than fourteen (14) years after expiration of the grace period, is untimely.  Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[3]Citation to this unpublished opinion is for persuasive value.  <u>See</u> 10th Cir. R. 32.1(A).

correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.  In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

       **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.     The Court Clerk shall **substitute** Justin Jones, Director, as the proper Respondent in this matter.

2.     Respondent's motion to dismiss for failure to file within the limitations period (Dkt. # 12) is **granted**.

3.     The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

4.     A separate Judgment shall be entered in this matter.

       **DATED** this 10th day of May, 2012.

 

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE